■ JOHN CLARK et al., and All Others Similarly Situated, Respondents-Appellants, v. ANDREW YOUNG, Individually and as President of the Transit

Supervisors Organization, et al., Appellants-Respondents, et al., and CHARLES L. PATTERSON et al., Individually and Constituting the New York City Transit Authority, Respondents.

MEMORANDUM BY THE COURT. The complaint was properly dismissed as to the New York City Transit Authority (herein Authority). No rights of plaintiffs are infringed by Authority and no duty owed by Authority to plaintiffs has been breached. (See *Civil Serv. Forum* v. *New York City Tr. Auth.*, 4 A D 2d 117, affd. 4 N Y 2d 866.) The Authority voluntarily elects to deal with TSO and QSO but cannot be compelled to do so. The resolution under which it permitted the selection of representative organizations, also permits individual employees to present or process their own grievances. Authority is free to deal with whom it chooses, and there is no showing in the complaint, beyond a bare allegation, of any rights violated or injury to plaintiffs resulting from the negotiations. Plaintiffs do not seek an election, but merely seek to restrain negotiations. Incidentally, Authority asserts checkoff figures prove TSO and QSO do in fact represent the majority of the employees in their respective classifications. But whether they do or do not, the fact that Authority elects to deal with them rather than unilaterally determine, as it could, factors affecting employment, is no breach of the rights of plaintiffs (cf. *Civil Serv. Forum* v. *New York City Tr. Auth., supra*) and no injunction should issue.

STEUER, J. (dissenting). Plaintiffs appeal from so much of the order of Special Term as denies their applications for injunctive relief and dismisses the complaint against defendant New York City Transit Authority, while the remaining defendants appeal from so much of the order as denies their motion to dismiss the complaint as to them. I am in accord with the majority's affirmance of Special Term on the applications to enjoin, while I disagree with the determinations in regard to the complaint — which means, in effect, while I believe the plaintiffs have stated a cause of action, the proof submitted to support the allegations is not sufficient to sustain them.

The action arises out of a situation which is unusual, if not unique. The defendant Transit Authority, finding its relationships with the employees employed on the transportation systems under its jurisdiction to be unsatisfactory, voluntarily initiated a system of collective bargaining. In December, 1955, the Transit Authority asked the American Arbitration Association to set up various classifications of employees. Each of those groups then proceeded to designate by election the agency it chose to be its representative in the proposed collective bargaining. The organizations receiving the majority vote in each classification have continued to make agreements with the Transit Authority and have performed the customary, usual functions in regard to grievances and the like performed by labor unions in connection with employers. At the time the action was begun, the Transit Authority and the defendant unions were bargaining for new agreements to replace those about to expire. The complaint further alleges that the defendant unions no longer represent a majority of the employees in their respective classifications and that the terms that these unions seek to have incorporated in the proposed agreements do not reflect the wishes of a majority of the employees in the respective classifications and will adversely affect their

seniority and other rights. It is further alleged that the defendant unions well know that they do not represent majorities but have represented to the Transit Authority that they do represent majorities. Plaintiffs seek to have the negotiations enjoined.

Concededly, the last element, the misrepresentation by the unions to the Transit Authority, adds nothing to the complaint. It is not alleged that the Transit Authority in entering into negotiations relied on any such representations. So that as far as fraud, misrepresentation, or concealment is concerned, the complaint must stand or fall without any such factor being considered.

The thrust of the opposition to the asserted cause of action receives its main strength from the voluntary nature of the Transit Authority's undertaking. It was not before, and is not now, obliged by law to engage in collective bargaining (*Civil Serv. Forum* v. *New York City Tr. Auth.*, 4 A D 2d 117, affd. 4 N Y 2d 866) and so is not restricted as to the persons or organizations it will deal with. The claim is, therefore, that in negotiating with the union defendants, the Authority is violating no enforcible right of the plaintiffs or any employee of the transit system.

To subscribe to this argument is to take a legalistic rather than a factual view of the proceeding. The Transit Authority, for whatever reasons may have impelled it, has undertaken to put itself in a position roughly similar to that of a private employer.* It intends to bind itself to certain wage scales and the maintenance of certain working conditions. In so doing it yields its right of unilateral determination of such matters, at least to the extent that a private employer does. Certainly in placing itself in this position the Authority had for its purpose the reasonable adjustment of the conditions of labor as affected by the necessities of the operations and the legitimate desires of the workers. Unless this was the purpose, no agreement is called for and no worker representation has any meaning. The next consequence of this attitude of the Authority and its implementation by entering into agreements is that the employees are going to live and work according to the terms of these agreements. If there is to be negotiation — if, in fact, there is anything that can be called an agreement — the Authority is not insisting on its rights, and if it purports to make an agreement it should make one not with a stranger but with the representative of the majority of the employees. That is with the proviso that the true representative is an organization with which the Authority finds it proper to deal.

The day-to-day consequence of the Authority's action may be to enforce regulations on the employees that neither the Authority desires nor the employees wish, merely because an organization without standing was able to have them incorporated in the agreement under the guise of a delegation of authority from the employees. That does not effectuate the expressed purpose of the Transit Authority and what good faith would imply are its present aims. So while the Authority cannot under compulsion be directed to bargain with anybody and, by the same token, cannot be prevented from going through the forms of negotiation with anybody it chooses to sit down with, having conceded, to the extent indicated, an obligation to deal with its employees through their representatives, it should be directed to deal with the proper representatives, reserving its right, if it sees fit, to deal with no one at all.

---

* It appears in the record, though dehors the complaint, that the Authority has flatly refused to negotiate with certain unions whether they represented a majority or not, on the ground that the membership of these unions included workers whose interests would be contrary to the interests of the Transit Authority employees.

I would therefore affirm the order to the extent that it denies injunctive relief and sustains the complaint against the union defendants and reverse to the extent that it dismisses as against the Transit Authority.

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in Memorandum by the court; Steuer, J., dissents in opinion.

Order entered on June 25, 1962, so far as appealed from, modified on the law to dismiss the complaint as to defendants Transit Supervisors Organization (TSO) and Queens Supervisors Organization (QSO) and the individual defendants, and as so modified is otherwise affirmed, with $20 costs and disbursements to defendants-appellants-respondents.